UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| OSIRIS FERMIN, | ) | CASE NO. 1:08 CV0386 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Osiris Fermin filed a petition "Under the Auspices of 'Nunc Pro Tunc' or under Rule 36" in the United States District Court for the Southern District of New York on December 26, 2007. Petitioner was immediately directed to inform the court whether he wished to withdraw the pleading or have it construed pursuant to 28 U.S.C. §2241 and transferred to the Middle District Court of Pennsylvania.[1] Mr. Fermin chose the latter, and notified the court of his prison transfer to N.E.O.C.C. in Youngstown, Ohio.

By order dated February 5, 2008, the court transferred the petition to the United States District Court for the Northern District of Ohio. A certified copy of the former docket and petition were filed in this court on February 15, 2008. The matter is now before the court for review.

---

[1] At the time the petition was filed, Mr. Fermin was incarcerated at Allenwood Low Security Correctional Institute in White Deer, Pennsylvania.

*Background*

Mr. Fermin was arrested in New York on September 10, 2002 and held without bail on federal drugs charges. While in custody, petitioner was tested for drug use. After his urine sample registered positive, a disciplinary report was issued and petitioner was sanctioned with the loss of telephone privileges and denied the accrual of 40 days good time credit.

The District Court for the Southern District of New York sentenced Mr. Fermin on June 19, 2003 to 120 months imprisonment. At the sentencing hearing, petitioner advised the court "what the BOP was doing to him and this Court expressed in a negative fashion to the BOP's intentions that this was not legal. However, since it had not yet occurred, it was left as is." (Pet. at 2.)

On July 23, 2003, Mr. Fermin learned that he "lost" 40 days of good credit time, "which was added on to his sentence at the end after the total amount of earned Good Time possible had been computed." (Pet. at 2.) He filed a Regional Remedy Appeal on February 5, 2003, which was dismissed on March 20, 2003 as untimely. After his transfer to LSCI Allenwood, petitioner tried to file a second Remedy Appeal on April 17, 2006. This, too, was dismissed as untimely.

*Analysis*

Mr. Fermin now contends the court must consider his petition because this issue was brought to the attention of the court at sentencing. At that time, the court "was in disagreement with the action, but did nothing, not realizing that the BOP does exercise this right as the answers to Movant's two Remedy request attempts show in Exhibits 'A' and 'B'." (Pet. at 3.) Since that time, he claims the BOP has interfered with his sentence by imposing a sanction before it had jurisdiction over him. Petitioner argues, without the benefit of legal support, that he was under the "jurisdiction

of the Court and the U.S. Marshals Service" at the time he tested positive for marijuana. As such, the BOP lacked authority to impose any restrictions on him until he was sentenced by the court. He adds that the positive reading on the test is suspect because he smoked marijuana almost every day for many years until the date of his arrest and "[o]f all the drugs tested for, marijuana is the most pervasive and long lasting of them." (Pet. at 3.)

He now seeks a revised Judgment and Commitment which reflects a 40 day adjustment to his sentence. It is petitioner's belief that Rule 36 of the Federal Rules of Criminal Procedure authorizes this court to correct any clerical errors "resulting from oversight or omission" in a prisoner's sentence. Mr. Fermin characterizes the BOP's decision to deny him the award of 40 days GCT as such an error.

*Federal Criminal Rule 36*

Mr. Fermin's initial claim for relief from the district court is under Criminal Rule 36. Rule 36 provides:

> Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

FED. CR. R. 36. To the extent relief is available under Rule 36, it is confined to the correction of clerical errors, oversights, and omissions. *See United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990). Authority to provide such relief is, however, limited to the court which sentenced the petitioner. *See Chapman v. United States*, 247 F.2d 879, 881 (6th Cir. 1957), *cert. denied*, 356 U.S. 945 (1958)(correction of clerical errors provided for in Fed. R. Crim. P. 36 is available only in the sentencing court). As this court did not impose Mr. Fermin's sentence it lacks jurisdiction to provide him relief pursuant to Rule 36.

-3-

Even if this court had authority to address his Rule 36 request, it "is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of 'errors made by the court itself.'" *United States v. Werber*, 51 F.3d 342, 347 (2d Cir.1995) (quoting *United States v. Daddino*, 5 F.3d 262, 264 (7th Cir.1993)). Mr. Fermin is plainly seeking a declaration that his sentence should be reduced by the 40 days of GCT the BOP forfeited as a sanction against him.

*28 U.S.C. § 2241*

Mr. Fermin is, in fact, seeking relief available only under 28 U.S.C. § 2241. His request for a court order prohibiting the BOP from forfeiting 40 days of good credit time is a challenge to the execution of a portion of his sentence. An inmate's challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself, may only be brought under § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.1998). As Mr. Fermin's sentence is presently being executed in Ohio and, as the Southern District Court of New York had no jurisdiction over prison officials in Ohio, Mr. Fermin's motion is properly filed as a § 2241 petition in this court. *See Wright v. United States Bd. of Parole*, 557 F.2d 74, 76-77 (6th Cir.1977).

*Pre-sentence Detainee - Punishment*

The genesis of Mr. Fermin's complaint stems from sanctions imposed as a result of his positive drug test prior to sentencing. He claims any sanction imposed by the BOP prior to the imposition of his sentence is invalid. This is not true. Although pretrial detainees may not be punished by prison officials for the crime that led to their detention,[2] *Bell v. Wolfish*,441 U.S. 520, 538-39 (1979), they may be disciplined or punished for misconduct they commit in prison while

---

[2]The Court recognizes that petitioner was a "presentence" detainee, rather than a pretrial detainee; however, it is a distinction without a difference in this context.

-4-

awaiting either trial or sentencing. *Mitchell v. Dupnik*, 75 F.3d 517, 524 (9th Cir.1996); *Collazo-Leon v. United States Bureau of Prisons*, 51 F.3d 315, 317 (1st Cir.1995). "In other words, reasonable punishment may be imposed to enforce reasonable prison disciplinary requirements but may not be imposed to sanction prior unproven criminal conduct." *Collazo-Leon*, 51 F.3d at 318. Imposing sanctions on a pretrial detainee for misconduct committed during his incarceration "is nevertheless constitutional if it also serves some legitimate governmental objective such as addressing a specific institutional violation and is not excessive in light of the seriousness of the violation." *Bell*, 441 U.S. at 538-39.

It is a legitimate governmental objective to maintain safety, internal order and security within the penal institution. *Bell*, 441 U.S. at 540. "The administrators of the prison must be free ... to sanction the prison's pretrial detainees for infractions of reasonable prison regulations that address concerns of safety and security within the detention environment." *Collazo-Leon*, 51 F.3d at 318. Prohibiting the use of narcotics by a prison inmate is a reasonable prohibition designed to maintain safety and, as such, is rationally related to the legitimate governmental objectives of public safety and institutional security. *Turner v. Safley*, 482 U.S. 78, 89 (1987); *see also* 28 C.F.R. § 541.13, Table 3, Code 109.

While pretrial detainees do not automatically earn good time credit, they may be recommended for good time credit for the time spent in pretrial custody. 28 C.F.R. § 523.17(1); *United States v. Payton*, 159 F.3d 49, 61 (2d Cir.1998). "[T]his recommendation shall be considered in the event that the pretrial detainee is later sentenced on the crime for which he or she was in pretrial status." 28 C.F.R. § 523.17( 1 ). However, if "the [BOP] determines that, during that year, the prisoner had not satisfactorily complied with such institutional regulations, the prisoner shall

receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the [BOP] determines to be appropriate." 18 U.S.C. § 3624(b)(1). Thus, as a pretrial detainee, petitioner was eligible to be awarded up to 54 days of good time credit annually, provided he was later sentenced to a prison term exceeding one year on the offense and he satisfactorily complied with institutional regulations. 18 U.S.C. § 3624(b)(1); 28 C.F.R. § 523.17(1).

Due to his disciplinary violation, Mr. Fermin was not awarded the maximum amount of good time credit he could have received. Because federal presentence detainees may be punished for prison misconduct by disallowing good time credit, petitioner cannot argue that the BOP has failed to properly execute his sentence. Therefore, the instant petition seeking restoration of 40 days of good time credit lacks merit and must be denied.

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 4/29/08

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.